# In the United States Court of Federal Claims

SAMMEISO LEONARD LEWIS

*Plaintiff,*

v.

THE UNITED STATES,

*Defendant.*

No. 25-282 C
(Filed March 18, 2025)

Sammeiso Leonard Lewis, Los Angeles, CA, *pro se*.

Joshua N. Schopf, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**
**Dismissing Complaint Sua Sponte for Lack of Jurisdiction and Failure to State a Claim**

**SILFEN,** *Judge.*

Sammeiso Lewis, proceeding without an attorney, alleges that he is the divine sovereign referenced in a number of religious texts, and because of that he is the rightful owner of all land currently held by the United States. He seeks the transfer of all federal land to him, monetary compensation for alleged takings, trespass, and unjust enrichment, and several forms of declaratory and injunctive relief. Mr. Lewis's takings claim against the federal government rests on a property interest that he cannot establish. This court does not have jurisdiction over claims sounding in tort. And the court cannot address claims for non-monetary relief, including Mr. Lewis's requests for declaratory and injunctive relief. The court must therefore dismiss Mr. Lewis's complaint sua sponte under rule 12(h)(3) of the Rules of the Court of Federal Claims and 28 U.S.C. § 1915(e)(2). The court will grant Mr. Lewis's motion to proceed in forma pauperis.

## I.    Background

Mr. Lewis filed suit in this court, alleging that he is "Spiritus Sanctus, The Holy Spirit, The Comforter, Jesus Christ, The Almighty God," and that, by divine right, all land held by the United States government belongs to him. ECF No. 1 at 1. He appears to rest his claim on references to God or sovereignty in various religious authorities, international legal documents, the U.S. Constitution, state constitutions, the U.S. Declaration of Independence, and other legal documents. *Id.* at 1-6. He also requests declaratory and injunctive relief; restitution for alleged takings, trespass, and unjust enrichment from the use of his land; and damages in the trillions of dollars. *Id.*; *see* ECF No. 1-1.

Mr. Lewis filed an application to proceed in forma pauperis. ECF No 2.

## II.    Discussion

This court's jurisdiction is primarily defined by the Tucker Act, which provides the court with exclusive jurisdiction to decide specific types of monetary claims against the United States "in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994). The Tucker Act provides this court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004).

A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). This court has traditionally held the pleadings of a pro se plaintiff to a less stringent standard than those of a litigant represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that pro se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers" (cleaned up)). The court therefore exercises its discretion to examine the

pleadings and record "to see if [the pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct. Cl. 456, 468 (1969). Regardless, pro se plaintiffs still have the burden of establishing the court's jurisdiction by a preponderance of the evidence. *See Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020). This court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Rules of the Court of Federal Claims (RCFC), Rule 12(h)(3); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quotation marks omitted)). Therefore, even if not disputed by a party, the court may challenge subject-matter jurisdiction on its own. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

Additionally, 28 U.S.C. § 1915(e)(2) authorizes courts to dismiss an in forma pauperis complaint if "the action … is frivolous or malicious" or "fails to state a claim on which relief may be granted." *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("To prevent … abusive or captious litigation, § 1915[[e]] authorizes federal courts to dismiss a claim filed in forma pauperis if … the action is frivolous." (cleaned up)). An in forma pauperis complaint is frivolous where it lacks arguable basis either in law or in fact, including "fanciful factual allegation[s]." *Id.* at 324-25; *see Cottle v. U.S. District Court, Eastern District of Missouri*, No. 19-3301, 2020 WL 58678, at *3 (E.D. Mo. Jan. 6, 2020) (dismissing a complaint of an in forma pauperis plaintiff who "claims to be 'God,' 'Chief Enforcer of Divine Law,' 'King,' and 'Lord over the World'" as "clearly baseless," as "frivolous," and as failing to state a claim for relief).

"[W]holly insubstantial and frivolous claims" fail to "raise a substantial federal question for jurisdictional purposes." *Shapiro v. McManus*, 577 U.S. 39, 45 (2015) (cleaned up); *see Boeing Co. v. United States*, 968 F.3d 1371, 1383 (Fed. Cir. 2020) ("Allegations of subject matter

jurisdiction, to suffice, must satisfy a relatively low standard—[they] must exceed a threshold that has been equated with such concepts as essentially fictitious, wholly insubstantial, obviously frivolous, and obviously without merit." (cleaned up)). Those claims at least fail to state a plausible claim for relief. RCFC 12(b)(6); *see Cottle*, 2020 WL 58678, at *3.

> **A.    This court lacks jurisdiction over Mr. Lewis's complaint or, in the alternative, the complaint fails to state a plausible claim for relief**

This court does not have jurisdiction over the subject matter of Mr. Lewis's complaint, even if liberally construed, or his complaint at least fails to state a plausible claim for relief. Mr. Lewis's assertions of divine ownership over all federal government land, along with his demands for trillions of dollars in damages and restitution, do not meet even the low standard for subject-matter jurisdiction.

> **1.    Mr. Lewis does not raise a cognizable Fifth Amendment takings claim**

Mr. Lewis appears to allege a Fifth Amendment taking, alleging "Eminent Domain [In]verse Condemnation" and demanding that he be given all government-owned land. ECF No. 1 at 4; *see* U.S. Const. amend. V. When determining whether government action constitutes a taking, courts employ a two-part test. *Acceptance Insurance Co. v. United States*, 583 F.3d 849, 854 (Fed. Cir. 2009). "First, the court determines whether the claimant has identified a cognizable … property interest …. Second, if the court concludes that a cognizable property interest exists, it determines whether that property interest was taken." *Id.*; *Air Pegasus of D.C., Inc. v. United States*, 424 F.3d 1206, 1213 (Fed. Cir. 2005) ("[W]e do not reach this second step without first identifying a cognizable property interest."). Here, Mr. Lewis does not allege that the government has deprived him of land he previously possessed; rather, he claims a "divine" right to all land held by the federal government based on his belief that he is a godly figure. ECF No. 1. He does not establish when the federal government took his land and, regardless, cannot establish that his status as a

divine figure for a given religion would entitle him to the federal government's land, particularly in view of the Constitution's Establishment Clause. U.S. Const. amend. I ("Congress shall make no law respecting an establishment of religion."); *Larkin v. Grendel's Den*, 459 U.S. 116, 126-27 (1982) (holding that delegating governmental power to religious authorities violates the Establishment Clause); *County of Allegheny v. ACLU*, 492 U.S. 573, 593-94 (1989) ("The Establishment Clause, at the very least, prohibits government from appearing to take a position on questions of religious belief."). Mr. Lewis's complaint does not establish either a cognizable property interest or a taking of any property under the Takings Clause.

### 2. The court lacks jurisdiction over tort claims

Mr. Lewis alleges the federal government's "unlawful occupation" of federal government land, which amounts to a claim of trespass. ECF No. 1 at 1, 4, 5. The Tucker Act expressly limits this court's jurisdiction to "cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *Rick's Mushroom Service, Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). A trespass claim sounds in tort. *Noll v. United States*, No. 24-5150, 2024 WL 3517627, at *3 (Fed. Cir. July 24, 2024) ("[T]he Court of Federal Claims does not have jurisdiction over tort claims, including trespass.").

### 3. The court lacks jurisdiction over non-money-mandating claims, including claims for declaratory or injunctive relief

The court generally does not have jurisdiction where there is no money-mandating statute or other source of authority, including claims for declaratory and injunctive relief. *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005) ("[T]he absence of a money-mandating source [is] fatal to the court's jurisdiction under the Tucker Act."). Outside his takings and tort claims, Mr. Lewis does not cite any other money-mandating legal basis for his complaint, nor can the court discern one. ECF No. 1 at 2, 3. Mr. Lewis cites the Federal Rules of Evidence, the U.S. Declaration of Independence, and the Seventh Amendment of the U.S. Constitution, none of which are money-

mandating. *Id.*; *see Pikulin v. United States*, 97 Fed. Cl. 71, 76-77 (2011) ("The Federal Rules of Evidence do not create an enforceable right for money damages against the United States"); *Gaddis v. United States*, No. 24-476, 2024 WL 3358160, at *3 (Fed. Cl. July 10, 2024) ("the Declaration of Independence [is not] a money-mandating source of law"); *Polinski v. United States*, No. 24-1810, 2025 WL 432987, at *2 (Fed. Cl. Feb. 7, 2025) ("The Seventh Amendment is not money-mandating and does not confer jurisdiction on the Court of Federal Claims" (cleaned up)). Mr. Lewis also cites 36 U.S.C. § 101, which "designat[es] February as American Heart Month" and is not money-mandating.

Mr. Lewis further alleges that the government was unjustly enriched through its ownership of land. ECF No. 1 at 1, 5. But this court "lack[s] jurisdiction of a claim for unjust enrichment." *Aetna Casualty & Surety Co. v. United States*, 228 Ct. Cl. 146, 164 (1981).

This court also cannot address Mr. Lewis's requests for declaratory relief to "establish[] clear title and ownership," to "remove clouded titles and adverse claims" on federal government property, or to "appoint [a] Receiver or Trustee" to manage that property. ECF No. 1 at 4-5.  Nor can the court address Mr. Lewis's requests for an injunction "stop[ping] ongoing land misuse or destruction." *Id.* Those claims are not within this court's jurisdiction, which primarily provides money damages rather than declaratory or injunctive relief.

Similarly, this court cannot recognize "Divine Sovereignty," "Divine Sovereignty Day," or "Divine Global Governance," nor can it create a "Divine Sovereignty Tribunal" to adjudicate Mr. Lewis's claims or provide a "spiritual jurisdiction remedy." ECF No. 1 at 3-4; *see* U.S. Const. amend. I; *Larkin*, 459 U.S. at 126-27; *County of Allegheny*, 492 U.S. at 594.

### B.    Mr. Lewis may proceed in forma pauperis

Under 28 U.S.C. § 1915, a litigant may move to proceed in forma pauperis, entitling him to relief from the costs and fees associated with initiating a lawsuit. The court has discretion to

grant in forma pauperis status whenever it determines, based on the plaintiff's submitted financial information, that the plaintiff is unable to pay the filing fee. *Brestle v. United States*, 139 Fed. Cl. 95, 103 (2018); *see also Colida v. Panasonic Corp. of North America*, 374 F. App'x 37, 38 (Fed. Cir. 2010). The threshold to establish the need to proceed in forma pauperis is not high. *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007); *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). "[P]auper status does not require absolute destitution[;] the question is whether the court costs can be paid without undue hardship." *Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016) (quotation marks omitted).

Mr. Lewis states that he has "never had a job" and that he has not received money from any other sources over the last twelve months. ECF No 2 at 2. He further states that he is "homeless and jobless." *Id.* Mr. Lewis has $0 in cash or savings. *Id.*

Mr. Lewis's disclosed financial circumstances fall within the range that has warranted in forma pauperis status in other cases. For example, in *Conner v. United States*, No. 21-2057, 2022 WL 2231222 at *3 (Fed. Cl. June 21, 2022), this court granted in forma pauperis status to a plaintiff with negligible savings and a monthly income; Mr. Lewis has neither. Mr. Lewis does not have a reliable income with which he can cover the court's fee. *See U.S. Court of Federal Claims Schedule of Fees*, United States Court of Federal Claims (eff. Dec. 1, 2023), https://www.uscfc.uscourts. gov/sites/default/files/fee_schedule_20231201.pdf ($405.00 total filing fee). Mr. Lewis has demonstrated that paying the filing fee would cause undue hardship.

## III.    Conclusion

For the reasons stated above, this court **grants** Mr. Lewis's motion to proceed in forma pauperis and sua sponte **dismisses** Mr. Lewis's complaint for lack of subject-matter jurisdiction and for failure to state a claim. The clerk of the court shall enter judgment accordingly.

**IT IS SO ORDERED.**

 s/ Molly R. Silfen
MOLLY R. SILFEN
Judge